UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-184-TBR

DURACORE PTY LTD.                                                              PLAINTIFF

v.

APPLIED CONCRETE TECHNOLOGY, INC.
DAVID JOHNSON                                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant's Motion to Set Aside Default Judgment (Docket #17). Plaintiff has responded. (Docket #18). Defendant has replied. (Docket #20). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Set Aside Default Judgment (Docket #17) will be GRANTED.

## BACKGROUND

This action arises out of the purchase of concrete goods by Plaintiff Duracore Pty Ltd ("Duracore") from Defendant Applied Concrete Technology, Inc. ("Applied Concrete"). In the spring of 2013, Applied Concrete agreed to sell concrete sealer and other products to Duracore. (Docket #1). Applied Concrete invoiced Duracore for $107,400. (Docket #1, Ex. 1). Duracore wired full payment to Applied Concrete and arranged for a freight company to pick up the goods at Applied Concrete's facility. (Docket #1, Ex. 2). Applied Concrete failed to deliver the goods. Duracore alleges that David Johnson, the president of Applied Concrete, deceived Duracore into sending money to Applied Concrete.

Johnson and Applied Concrete were served with a copy of the Complaint on October 24, 2013. (Docket #6). Both Johnson and Applied Concrete failed to answer. This Court ordered an

1

entry of default on December 12, 2013. (Docket #9). Duracore then moved for default judgment, which this Court granted on March 12, 2014. (Docket #11). Duracore has now moved for a writ of execution. (Docket #15). Applied Concrete still has not answered this lawsuit. Johnson has moved to set aside default judgment. (Docket #17).

STANDARD

A party who fails to "plead or otherwise defend" may have an entry of default entered against him. Fed. R. Civ. P. 55(a). After an entry of default has been entered, the plaintiff may move for default judgment. Fed. R. Civ. P. 55(b).

The party in default may move to set aside an entry of default under Rule 55(c) or a default judgment under Rule 60(b). The Court considers the same three factors in deciding whether to grant such a motion under Rule 55(c) or Rule 60(b): (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *United Coin Meter Co. v. Seaboard C. Railroad*, 705 F.2d 839, 845 (6th Cir. 1983). However, "a stricter standard applies for setting aside a default once it has ripened into a judgment." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

Finally, the Court considers the conflicting policies of "favoring finality of judgments," *Waifersong* 976 F.2d at 292, and "favoring trials on the merits." *Shepard Claims Service, Inc. v. William Darrah & Associates*, 796 F.2d 190, 192 (6th Cir. 1986).

DISCUSSION

The Court will set aside default judgment against Johnson because Duracore will not suffer prejudice, Johnson has presented a meritorious defense, and default judgment was not the result of Johnson's culpable conduct.

2

First, setting aside default judgment will not prejudice Duracore. Duracore argues setting aside default judgment will cause delay and may impair Duracore's ability to recover from Applied Concrete. "Mere delay in satisfying a plaintiff's claim, if it should succeed at trial, is not sufficient prejudice to require denial of a motion to set aside a default judgment." *United Coin*, 705 F.2d at 845. The delay must impair the proceedings in a manner other than mere passage of time. *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 398 (6th Cir. 1992) (giving examples such as "discovery would be more difficult or that evidence would be lost"). Duracore also argues it will be prejudiced in its ability to collect from Applied Concrete. (Docket #18). However, Duracore's judgment against Applied Concrete is independent of its judgment against Johnson, and setting aside the latter will not impede Duracore from collecting on the former. Nevertheless, Johnson's inattentiveness did cause Duracore to incur unnecessary expense. Because Johnson failed to answer, Duracore incurred the attorneys' fees of filing the motion for default, motion for default judgment, and responding to Johnson's motion to set aside default judgment. The Court orders Johnson to reimburse these costs to Duracore. Duracore must file a motion for costs and attorneys' fees within fourteen days. This sanction remedies any prejudice to Duracore known to the Court at this time.

Second, Johnson may have meritorious defenses. Duracore's only claims against Johnson are for fraud and seeking to pierce the corporate veil of Applied Concrete and collect from Johnson. (Docket #1). Johnson has declared that he has maintained a separate existence from Applied Concrete, has not commingled assets with Applied Concrete, and has otherwise observed corporate formalities and given no reason to pierce the corporate veil. (Docket #16). Johnson also defends that he has no contractual privity with Duracore, and from the record so far presented it appears Johnson is correct that he has not personally signed any agreement with

Duracore. Finally, there is a heightened standard for proving claims of fraud. Duracore must prove all six elements of fraud by "clear and convincing evidence." *Wahba v. Don Corlett Motors, Inc.*, 573 S.W.2d 357, 359 (Ky. App. 1978). At this stage, the Court does not weigh the "likelihood of success" of any of these defenses, but "rather, if *any* defense relied upon states a defense good at law, then a meritorious defense has been advanced." (emphasis in original) *Invst Fin.*, 815 F.2d at 398-99 (*quoting United Coin*, 705 F.2d at 845).

Finally, Johnson's delay in responding was not the result of culpable conduct. To "be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Invst Fin.*, 815 F.2d at 399. Johnson's excuse is that he did not answer the complaint because he never signed a contract with Duracore and therefore thought he could not be held liable for that contract. While experienced attorneys understand that liability can arise even without a signature on a contract, Johnson's excuse that he did not believe he could be obligated to a contract that he did not sign in his individual capacity is credible. *Invst Fin.*, 815 F.2d at 399.

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin*, 705 F.2d at 845. At this time, this case does not appear to be one of those extreme cases.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Default Judgment (Docket #17) is GRANTED. Plaintiff's default judgment against Johnson is VACATED. The clerk is directed to reopen this case and place it on the active docket.

cc: counsel of record