UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-184-TBR

DURACORE PTY LTD.                                                                                    PLAINTIFF

v.

APPLIED CONCRETE TECHNOLOGY, INC.
DAVID JOHNSON                                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Defendant's motion to dismiss (Docket #23). Plaintiff has responded. (Docket #28). Defendant has replied. (Docket #29). Plaintiff has also filed a motion to amend complaint. (Docket #27). Defendant has replied. (Docket #30). This matter is now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss (Docket #23) is DENIED and Plaintiff's motion to amend complaint (Docket #27) is GRANTED.

### BACKGROUND

This action arises out of the purchase of concrete goods by Plaintiff Duracore Pty Ltd ("Duracore") from Defendant Applied Concrete Technology, Inc. ("Applied Concrete"). In the spring of 2013, Applied Concrete agreed to sell concrete sealer and other products to Duracore. (Docket #1). Applied Concrete invoiced Duracore for $107,400. (Docket #1, Ex. 1). Duracore wired full payment to Applied Concrete and arranged for a freight company to pick up the goods at Applied Concrete's facility. (Docket #1, Ex. 2). Applied Concrete failed to deliver the goods. Duracore alleges that David Johnson, the president of Applied Concrete, deceived Duracore into sending money to Applied Concrete.

1

Johnson was served with a copy of the complaint on October 24, 2013. (Docket #6). Johnson failed to answer, and this Court ordered an entry of default and then default judgment. (Docket #9, 11). Approximately eleven months after Johnson was initially served, he entered an appearance[1] in this case and moved to set aside default judgment against him. (Docket #17). This Court granted Johnson's motion. (Docket #22).

Johnson now moves to dismiss Duracore's claims against him. (Docket #23). In addition to its response, Duracore also seeks leave to file an amended complaint. (Docket #27). For the foregoing reasons, the Court will grant Duracore's motion to amend and deny Johnson's motion to dismiss.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings, including complaints, contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b). When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to

---

[1] Applied Concrete Technology, Inc. has still not entered an appearance in this case.

relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). If, from the well-pleaded facts, the court cannot "infer more than the mere possibility of misconduct, the complaint has alleged - but has not 'show[n]' - 'that the pleader is entitled to relief.'" *Id.* at 1950 (citing Fed. R. Civ. P. 8(a)(2)). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

### DISCUSSION

The parties raise three issues before the Court. First, may Duracore amend its complaint after Johnson filed a motion to dismiss. Second, does Duracore's claim for piercing the corporate veil satisfy the general pleading standards of Rule 8. Third, does Duracore's claim for fraud satisfy the more stringent standard found in Rule 9(b).

### I.     **Duracore May Amend Its Complaint.**

A plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The decision whether to grant or deny amendment is within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To deny an amendment, the

court must state a reason, such as "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies . . . , undue prejudice" or "futility of amendment." *Foman*, 371 U.S. at 182.

In this case, Johnson argues he will be prejudiced if Duracore is allowed to amend their complaint because Johnson has expended resources filing his motion to dismiss. (Docket #29). Prejudice generally requires more than merely having a motion to dismiss pending. *Cooper v. American Employers' Ins. Co.*, 296 F.2d 303 (6th Cir. 1961); *Newburgh/Six Mile Ltd. P'ship II v. Adlabs Films USA, Inc.*, 724 F. Supp. 2d 740 750-51 (E.D. Mich. 2010) (finding prejudice where amendment was sought after the close of discovery); *Moore v. Paducah*, 790 F.2d 557 (6th Cir. 1986) (reversing district court's denial of amendment when the same set of facts supported both the original and amended complaint). Examples of prejudice include "insufficient time to conduct discovery," being "unfairly surprised by the change in theories," or otherwise showing an inability to now "rebut the plaintiff's new theory." *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

Nor is Johnson's argument of delay convincing. While it is true that Duracore sought to amend its complaint more than one year after this lawsuit was filed, Johnson is the cause of this long delay by his own failure to respond to this lawsuit for eleven months.

Accordingly, Duracore is permitted to amend its complaint.

**I.       Piercing the Corporate Veil.**

"In determining whether an amended complaint states a claim, we must accept all factual allegations contained in the pleading as true, and resolve all factual ambiguities in favor of the party who sought the amendment." *Roth Steel*, 705 F.2d at 155.

Duracore's first claim is for piercing the corporate veil between Applied Concrete and Johnson, its president. Piercing the corporate veil is an equitable remedy. *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 165 (Ky. 2012). There is a long "checklist" of factors that may be considered. *Id*. at 163-65. A non-exhaustive list of factors includes whether there was inadequate capitalization, failure to observe corporate formalities, commingling of funds, and whether the corporation is a "mere façade for the operation of the dominant stockholders." *Id*. Duracore has asserted several facts which may be grounds for piercing the corporate veil, such as claiming Applied Concrete was not adequately capitalized, that it was closely held and controlled by Johnson, and that Johnson commingled Applied Concrete's funds with his own. (Docket #27, Ex. 1). Duracore's complaint is sufficient to put Johnson on notice of the piercing the corporate veil claim asserted against him.

## II.     Fraud.

A claim of fraud "triggers Rule 9(b)'s heightened standard." *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012). The plaintiff must "state with particularly the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This rule requires a plaintiff: (1) to specify the allegedly fraudulent statements; (2) to identify the speaker; (3) to plead when and where the statements were made; and (4) to explain what made the statements fraudulent." *Republic Bank*, 683 F.3d at 247.

Duracore has met this heightened standard. Duracore specifies several statements allegedly made by Johnson regarding Applied Concrete's intention to sell products to Duracore. Duracore notes the dates these statements were made. Duracore also explains that these statements were fraudulent because Johnson represented that Applied Concrete intended to sell to Duracore while Johnson knew Applied Concrete either could not or would not deliver goods.

5

(Docket #27, Ex. 1). Duracore has alleged sufficient facts which, taken as true, state a claim that is plausible on its face. *Republic Bank*, 683 F.3d at 246.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Docket #23) is DENIED and Plaintiff's motion to amend complaint (Docket #27) is GRANTED.

The telephonic conference set January 28, 2015 is CANCELLED and is set January 30, 2015 at 10:30 a.m. Central Time. The Court shall place the call to counsel.

cc: counsel of record