31763

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13CV-00184-TBR

DURACORE PTY LTD.                                           PLAINTIFF

vs.

APPLIED CONCRETE TECHNOLOGY, INC. and              DEFENDANTS
DAVID JOHNSON

### DEFENDANT DAVID JOHNSON'S RESPONSES TO PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION

### GENERAL OBJECTIONS

A.      Defendant objects to the Instructions and Definitions set forth in Plaintiff's First set of Interrogatories and Requests for Production to the extent that they purport to impose obligations either inconsistent with or in addition to the obligations imposed under the Federal Rules of Civil Procedure.  Defendant will comply with the requirements of the Federal Rules of Civil Procedure.

B.      Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production to the extent they call for information protected under either the attorney-client privilege or the work product doctrine.  Defendant will provide no such information.

C.      Defendant expressly reserves the right to supplement and amend its response and objections to the Interrogatories and Requests for Production.

### INTERROGATORIES

**Interrogatory No. 1**:        State the full names and addresses of all persons supplying information for the answers to these interrogatories.

**RESPONSE:**

1

RECEIVED

MAY 18 20__

WHITLOW, RO__
HOUSTON & S__

EXHIBIT

D

David Johnson, Defendant; Norris Harstad, 888 Belvidere Road, Suite 318,Grayslake, IL 60030-2576

**Interrogatory No. 2:**        State the names and addresses of all persons whom have knowledge of the facts, circumstances, and discoverable matters pertaining to the claims in this lawsuit.

**RESPONSE:**

2.        Andrew McLeay, principal of the Con-Treat, 19 Swordfish Ct., Palm Beach QLD 4221; Tom Marshall, mailing address unknown. Phone +61 435 991 084; Brian Laycock 2310 Park Ave., Paducah, KY 42001; The parties to this action.

**Interrogatory No. 3:**        State the dates of each annual meeting of shareholders of ACT and any special meeting of the shareholders of ACT during the past seven (7) years and identify the shareholders that attended each meeting, whether in person or by proxy.

**RESPONSE:**

Please see the attached documents produced in response to Plaintiff's Requests for Production of Documents.

**Interrogatory No. 4:**        State the dates of each annual meeting of directors of ACT and any special meeting of the directors of ACT during the past seven (7) years and identify the directors and officers that attended each meeting, whether in person or by proxy.

**RESPONSE:**

Please see the attached documents produced in response to Plaintiff's Requests for Production of Documents.

**Interrogatory No. 5:**        Identify all persons or entities that have served as or been officers, directors, shareholders, or employees of ACT at any time during the past seven (7) years, identifying with particularity what role each such person held in ACT and the time period during which they held that role.

**RESPONSE**:

David Johnson, President and Board of Directors member; Sandra Griffith, Secretary and Board of Directors member.

**Interrogatory No. 6:**        Identify all persons or entities that have served as or been members, officers, directors, shareholders, or employees of All Green Chemical Solutions, LLC, a Kentucky limited liability company, at any time since its organization, identifying with particularity what role each such person held in All Green Chemical Solutions, LLC and the time period during which they held that role.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Defendant states that David Johnson has been the sole member of All Green Chemical Solutions, LLC since its formation.

3

**Interrogatory No. 7:**        Identify all persons or entities that have served as or been officers, directors, shareholders, or employees of The PROTECRETE Corporation at any time during the past seven (7) years, identifying with particularity what role each such person held in The PROTECRETE Corporation and the time period during which they held that role.

**RESPONSE:**

Defendant objects to this Interrogatory on the ground that it is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving the foregoing objection, Defendant states that David Johnson and Andy Larson were the principals of the Protecrete Corporation during the entirety of its existence.

**Interrogatory No. 8:**        State the names and addresses of all persons whom you believe to have worked for a company known as Con-Treat, the nature of your business exchanges as referenced in paragraph 6 of your Answer, dated February 12, 2015, and the person with whom you communicated with concerning a purchase of PROTECRETE products in early 2013.

**RESPONSE:**

Defendant is without knowledge or information sufficient to identify every employee or agent of Con-Treat. Defendant was led to believe that Andrew McLeay, 19 Swordfish Ct., Palm Beach QLD 4221, and Teigan Bree Holberton, 21 Ferrier Grove Bonbeach, VIC 3196, were agents or employees of Con-Treat. Defendant's business dealings and communications with these individuals are as described in response to Interrogatory 20, below.

4

**Interrogatory No. 9:**        Identify with particularity each and every fact, circumstance, or opinion upon which you intend to rely to prove your defense that Plaintiff's damages were caused by its own negligence.

**RESPONSE:**

Duracore communicated with Defendant Applied Concrete Technology, Inc. ("ACT") under the name of "Con-Treat". This negligent or intentional misrepresentation led ACT to conclude that it was providing product to an entity free of ACT's existing exclusivity arrangements with certain distributors. Duracore also expressly misrepresented its relationship with Tom Marshall, an ACT distributor for Protecrete products in Australia. This negligent or intentional misrepresentation led ACT to believe that it could lawfully provide products to the entity posing as "Con-Treat".

**Interrogatory No. 10**:        State the names and addresses (including physical addresses) of all of the corporations, limited liability companies, or partnerships where you serve or have previously served as a member, manager, partner, officer, director, employee or shareholder during the last seven (7) years.

**RESPONSE:**

All Green Chemical Solutions, LLC
2310 Park Avenue, Paducah, Kentucky 42001.

Applied Concrete Technology, Inc.
1643 Normandy Woods Ct., Grayslake, IL 60030

The Protecrete Corporation
Registered Agent: Incorp Services, Inc.
2360 Corporate Circle Ste. 400
Henderson, NV 89074

**Interrogatory No. 11:**      State the name and addresses of the corporation(s) that holds the copyright or trademark to the term "PROTECRETE" and/or produces the material safety data sheets for PROTECRETE products as required by law.

**RESPONSE**:

All Green Chemical Solutions, LLC is the current owner of the trademark for the term "Protecrete" and all intellectual property related thereto. Its address is 2310 Park Avenue, Paducah, Kentucky, 42001.

**Interrogatory No. 12:**      State the name and address of the U.S. business entity doing business with or as PROTECRETE International (Aust) and describe the relationship between the companies, including but not limited to, distributorship, exclusivity, or non-compete agreements and the dates in which these agreements commenced and ended, if applicable.

**RESPONSE:**

Protecrete International (Australia) is a licensed distributor for All Green Chemical Solutions, LLC. This distributor relationship started in 2006 and became an exclusive distributorship in 2008.

**Interrogatory No. 13:**      Describe the business relationship between ACT and Duracore in 2013, including the purpose of submitting invoices to Duracore for payment and accepting payment from Duracore.

**RESPONSE:**

The invoice dated March 11, 2013 comprises the entirety of any business relationship between Duracore and ACT during 2013.

**Interrogatory No. 14:**        Describe when and how you became aware of the involuntary dissolution of ACT by the Illinois Secretary of State, including but not limited to, identifying the facts that gave rise to the dissolution, any letters received as a notice of dissolution, and any communication you may have received from the Illinois Secretary of State office.

**RESPONSE**:

In late 2013, Mr. Johnson received a letter from the Illinois Secretary of State advising Mr. Johnson of the administrative dissolution of ACT.

**Interrogatory No. 15:**        Describe the manner in which ACT received payment from Duracore's April 12, 2013 wire transfer, including but not limited to, the ACT employees that received, processed, or recorded the receipt of funds, the method used to secure such fund, and the bank account number into which the funds were deposited.

**RESPONSE:**

The wire transfer from Duracore on April 12, 2013 was received into ACT's business checking account at PNC Bank, account number 4641674636. David Johnson and Sandra Griffith were the only ACT agents responsible for processing these funds.

**Interrogatory No. 16:**        Describe the manner in which PROTECRETE or PROTECRETE products were marketed and sold after the dissolution of ACT, including but not limited to the name and address of the companies who sold PROTECRETE, the name of any buyers or PROTECRETE products since that time, and marketing and sales methods used.

**RESPONSE:**

Since the dissolution of ACT, All Green Chemical Solutions, LLC has been the exclusive marketer of Protecrete products. All Green Chemical Solutions, LLC distributes Protecrete products through a network of distributors and directly to end-users. Defendant objects to this interrogatory to the extent that it seeks discovery of All Green Chemical Solutions, LLC's customer lists, distribution information, marketing information, sales methods, transactions, income, expenses, or other proprietary business information. Plaintiff's request for All Green Chemical Solutions, LLC's confidential and proprietary business information is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 17:**        Are you now or have you been a party to any other lawsuits in the last seven (7) years?  If so, identify each and every such case by providing the case name, case number, and the court in which the case was or is pending.  If the case has concluded, identify how the case concluded (i.e., judgment, settlement, dismissal, etc.).

**RESPONSE:**

Other than the instant matter and a Kentucky Circuit Court action initiated by the Plaintiff (Case No. 14-CI-723), the Defendant has not been a party to any other lawsuit in the past 7 years.

**Interrogatory No. 18:**        Identify each person whom you expect to call as an expert witness at trial (including the hearing on reclamation) and state the following with regard to each such expert:

a)      The witness's full name, present address, and present employment;

b)      The field or science in which the witness is an expert, or, if a non-expert, the field in which the witness is employed and all information concerning the expert's education, training, work experience, and any other information concerning the expert's qualifications to testify as an expert witness;

8

c)    Whether the witness will base his or her opinion to any extent upon facts acquired by him or her outside of this litigation and, if so, generally state these facts and the source of those facts;

d)    If the witness has been provided with any documents, photographs, or other tangible objects, identify the documents, photos, or tangible objects;

e)    The substance of the facts to which the expert is expected to testify, together with a summary of the grounds for each such opinion;

(f)    The names, offices, journals, page numbers, publishers, or other methods of identification of all articles, books, or other publications that the expert may use as a reliable medical or learned treatise in this matter; and

(g)    A history of the prior times the expert has been disclosed as a potential expert witness in civil litigation, including the case name, court and docket number, the identity of the party who hired the expert; and the party's attorney.

**RESPONSE:**

The Defendant has not yet identified any witnesses expected to testify as experts in this matter. This response will be seasonably supplemented in accordance with the Rules of Civil Procedure.

**Interrogatory No. 19:**        Identify every witness whom you expect to call at trial and state with specificity the subject upon which each of said witnesses are expected to testify.

**RESPONSE:**

David Johnson

Tom Marshall

Sandra Griffith

Andrea Bright Christiansen

Bryan Laycock

Plaintiff and its representatives, agents, and employees

Any witness called by any other party

**Interrogatory No. 20:**      Identify with particularity each and every communication that you or any employee, officer, director or shareholder of ACT had with Andrew McLeay at any time in the last three (3) years.

**RESPONSE:**

Please see the attached email correspondence between Defendant and Andrew McLeay. Mr. Johnson and Mr. McLeay also engaged in several telephone conversations, no records of which exist. Additionally, Mr. McLeay left several voicemails on the message systems of Mr. Johnson, Sandra Griffith, and Andrea Bright Christiansen. These records no longer exist.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Request No. 1**:      Produce all corporate financial records for ACT for the last seven (7) years including but not limited to, any Quickbooks or other electronic bookkeeping files (in their electronic format), fiscal year-end income statements, profit & loss statements, balance sheets, statements of cash flows, federal and state income tax returns and associated schedules, depreciation schedules, and state sales tax reports or returns.

**RESPONSE:**

All ACT corporate records in the personal possession of Defendant David Johnson are contained in the attached documents.

**Request No. 2**:      Produce all bank statements for savings accounts, checking accounts, and other banking accounts held by ACT at any time during the past seven (7) years, including copies of any cancelled checks.

**RESPONSE:**

Mr. Johnson does not have personal possession of any ACT bank statements.

**Request No. 3:**      Produce all documents related to the corporate formation and status of ACT, including but not limited to the Articles of Incorporation of ACT, any by-laws of ACT, any buy-sell or shareholder agreements between the shareholders of ACT, any share certificates, and any other documents that are kept in ACT's corporate book.

**RESPONSE**:

All ACT corporate records in the personal possession of Defendant David Johnson are contained in the attached documents.

**Request No. 4:**      Produce all documents related to ACT shareholder meetings that occurred at any time during the past seven (7) years, including but not limited to agendas, the minutes of any shareholder meetings and any resolutions of the shareholders of ACT.

**RESPONSE**:

All ACT corporate records in the personal possession of Defendant David Johnson are contained in the attached documents.

**Request No. 5:**        Produce corporate records related to ACT directors' meetings that occurred at any time during the past seven (7) years, including but not limited to agendas, the minutes of any directors meetings, and any resolutions of the directors of ACT.

**RESPONSE**:

All ACT corporate records in the personal possession of Defendant David Johnson are contained in the attached documents.

**Request No. 6**:        Produce all documents related to the formation and limited liability company status of All Green Chemical Solutions, LLC, including but not limited to the Articles of Organization of All Green Chemical Solutions, LLC, any operating agreement or by-laws of All Green Chemical Solutions, LLC, any buy-sell or other agreements between the members of All Green Chemical Solutions, LLC, any share or membership certificates, and any other documents that are kept in the records of All Green Chemical Solutions, LLC.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 7:**        Produce all bank statements for savings accounts, checking accounts, and other corporate banking accounts held by All Green Chemical Solutions, LLC at any time since its organization, including copies of any cancelled checks.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 8:**     Produce corporate records for All Green Chemical Solutions, LLC, including without limitation any minutes of meetings of the members or resolutions signed by the members of All Green Chemical Solutions, LLC.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 9:**     Produce all corporate financial records for All Green Chemical Solutions, LLC for the last seven (7) years including but not limited to, any Quickbooks or other electronic bookkeeping files (in their electronic format), fiscal year-end income statements, profit & loss statements, balance sheets, statements of cash flows, federal and state income tax returns and associated schedules, depreciation schedules, and state sales tax reports or returns.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 10**:     Produce all corporate financial records for The PROTECRETE Corporation for the last seven (7) years including but not limited to, any Quickbooks or other electronic bookkeeping files (in their electronic format), fiscal year-end income statements, profit & loss statements, balance sheets, statements of cash flows, federal and state income tax returns and associated schedules, depreciation schedules, and state sales tax reports or returns.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 11:**    Produce all bank statements for savings accounts, checking accounts, and other corporate banking accounts held by The PROTECRETE Corporation at any time during the last seven (7) years, including copies of any cancelled checks.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 12:**    Produce all documents related to the corporate formation and status of The PROTECRETE Corporation, including but not limited to the Articles of Incorporation of The PROTECRETE Corporation, any by-laws of The PROTECRETE Corporation, any buy-sell or shareholder agreements between the shareholders of The PROTECRETE Corporation, any share certificates, and any other documents that are kept in The PROTECRETE Corporation's corporate book.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 13:**    Produce all documents related to The PROTECRETE Corporation shareholder meetings held at any time in the last seven (7) years, including but not limited to

agendas, the minutes of any shareholder meetings and any resolutions of the shareholders of The PROTECRETE Corporation.

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 14:**     Produce corporate records related to The PROTECRETE Corporation directors' meetings, held at any time in the last seven (7) years including but not limited to agendas, the minutes of any directors meetings, and any resolutions of the directors of The PROTECRETE Corporation

**RESPONSE:**

Defendant objects to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 15:**     Produce all corporate documents related to agreements, alliances or financial connections between ACT and other persons or entities including but not limited to joint ventures, subsidiary agreements, teaming agreements, partnerships, and mentor agreements.

**RESPONSE:**

Defendant objects to this interrogatory to the extent that it seeks discovery of ACT's customer lists, distribution information, marketing information, sales methods, transactions, income, expenses, or other proprietary business information. Plaintiff's request for ACT's confidential and proprietary business information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 16:**     Produce all documents related to business transactions between ACT and All Green Chemical Solutions, LLC; ACT and The PROTECRETE Corporation; or ACT and PROTECRETE International occurring at any time in the past seven (7) years.

**RESPONSE:**

Defendant objects to this interrogatory to the extent that it seeks discovery of ACT's proprietary business information. Plaintiff's request for ACT's confidential and proprietary business information is not reasonably calculated to lead to the discovery of admissible evidence.

**Request No. 17:**     Produce any and all documents that you intend to rely upon at the trial of this matter.

**RESPONSE:**

Please see the attached documents.

**Request No. 18:**     Produce any and all documents or communications identified in response to the Interrogatories above, including, without limitation, those communications between Andrew McLeay and anyone associated with ACT.

**RESPONSE:**

Please see the attached documents.

**Request No. 19:**     Produce any and all state and federal tax returns, including related schedules, filed by you or on your behalf at any time during the last seven (7) years.

**RESPONSE:**

Mr. Johnson's personal tax returns for the years 2008-2001 are attached. Mr. Johnson's personal tax returns for 2012 and 2013 have not yet been prepared or filed.

**Request No. 20:**        Produce all bank statements for savings accounts, checking accounts, and other corporate banking accounts held by you at any time during the last seven (7) years.

**RESPONSE:**

Mr. Johnson is working to obtain copies of these documents from his bank and will seasonably supplement this response.

Respectfully submitted:

**Adam Futrell (KBA #92302)**
The Law Office of Adam Futrell
4645 Village Square Drive,
Suite F108
Paducah, KY 42001
*Attorney for Defendant David Johnson, Jr.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2015, a copy of the foregoing document was served on the following via US Mail:

Nicholas M. Holland
nholland@whitlow-law.com
300 Broadway
PO Box 995
Paducah, KY 42002-0995

Adam Futrell