UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:13-CV-184-TBR-LLK

DURACORE PTY LTD.                                                                                           PLAINTIFF

v.

APPLIED CONCRETE TECHNOLOGY, INC, *et al.*                                           DEFENDANTS

**OPINION AND ORDER**

District Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for rulings on all discovery motions. (Docket # 35). After a teleconference with the counsel for Plaintiff and Defendant David Johnson, as required by the Court's Scheduling Order, the Magistrate Judge granted Plaintiff leave to file a motion to compel regarding certain interrogatories and requests for production. (Docket # 47). Plaintiff filed its motion along with a memorandum of law, Defendant Johnson filed a response brief, and Plaintiff filed a reply brief. (Docket ## 48-50). Defendant Applied Concrete Technology, Inc., did not respond to the motion. The time for Applied Concrete Technology, Inc., to respond having lapsed, and the other parties having submitted their briefs, the motion is now ripe for the Court's consideration. LR 7.1(c), (g). The Court grants the motion. The Court also grants Defendant Johnson's request, to which Plaintiff agreed, to enter a protective order regarding business information.

**Factual Background**

The Secretary of State of Illinois administratively dissolved Defendant Applied Concrete Technology, Inc., on September 13, 2013. (Docket # 48-4). The Court granted a default and default judgment against the corporation on December 12, 2013, and March 12, 2014, respectively. (Docket ## 9, 11). To date, Applied Concrete Technology, Inc., has not participated in this litigation whatsoever.

The action continues against Defendant David Johnson, the Court having set aside the default judgment against him on November 10, 2014. (Docket # 22). In addition to direct liability, Plaintiff seeks to pierce the corporate veil and hold Defendant Johnson liable for the judgment against Applied Concrete Technology, Inc. (Docket # 34).

Plaintiff stated that Defendant Johnson served or serves as the sole officer and shareholder of Applied Concrete Technology, Inc. (Docket # 48-1, p. 7). Mr. Johnson's answers to interrogatories state that he served as the corporation's president and as a member of its board of directors. (Docket # 45-5, p. 3).

In a letter addressed to All Green Chemical Solutions, LLC, Mr. Johnson stated that "[t]he intellectual property, trademarks, copyrighted literature, testing documentation, customers, vendors, suppliers and *anything else* has been sold to All Green Chemical Solutions for the sum of $1." (Docket # 48-6 (emphasis added)). Mr. Johnson signed that memorandum, written on the letterhead of Applied Concrete Technology, Inc., as "President/Owner." *Id.* Based on his own answers to interrogatories, Mr. Johnson has served as the "sole member of All Green Chemical Solutions, LLC[,] since its formation." (Docket # 48-5, p. 3).

## Discovery Served on Applied Concrete Technology, Inc.

The Court determines Plaintiff's ability to sue Applied Concrete Technology, Inc., a dissolved Illinois corporation, based on Illinois law. Fed. R. Civ. P. 17(b)(2). Pursuant to Illinois law, one can sue a dissolved corporation within five years of dissolution. 805 Ill. Comp. Stat. 5/12.80 (West 2010); *accord Mich. Ind. Condo. Ass'n v. Mich. Place, LLC*, 8 N.E.3d 1246, 1251 (Ill. App. Ct. 2014). Plaintiff filed suit in the instant action the month following the dissolution. (Docket # 1).

Plaintiff served interrogatories and requests for production on Applied Concrete Technology, Inc., on March 24, 2015. (Docket # 48-8). Plaintiffs received no response, which would have been due on April 23, 2015. (Docket # 48-1, p. 3); Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

I. Requests for Production

A party may discover documents within another party's possession, custody, or control. Fed. R. Civ. P. 34(a). The meaning of possession, custody, or control, for the purposes of Rule 34, includes actual possession, custody, and control as well as "the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)). Ownership does not serve as the determining factor. *Id.* (citing *In re Sunrise Sec. Litig.*, 109 B.R. 658, 661 (E.D. Pa. 1990); *Weck*, 88 F.R.D. at 327).

Applied Concrete Technology, Inc.'s complete silence has resulted in a record that is less developed than desirable to determine the possession, custody, and control of the documents Plaintiff seeks. However, based on the facts developed and before the Court so far, it appears that the corporation has possession, custody, or control of the documents, regardless of the documents' location.

Based on his own answers to interrogatories, Defendant Johnson served as the president and a board member of Applied Concrete Technology, Inc. Under Illinois law, the administrative dissolution of a corporation does not change an individual's status as an officer. *See H & H Press, Inc. v. Axelrod*, 638 N.E.2d 333, 340 (Ill. App. Ct. 1994). If the documents remain in the possession, custody, or control of Applied Concrete Technology, Inc., then its officers, including

3

Mr. Johnson, have the power to produce those documents.[1] *See McBryar v. Int'l Union of United Auto. Aerospace & Agricultural Implement Workers of Am.*, 160 F.R.D. 691, 695 (S.D. Ind. 1993) ("Because every organization . . . can operate only through the actions of its officers and agents, it can possess, control, or have custody of documents and things only if its officers and agents [do] . . . .").

The Court also finds that Applied Concrete Technology, Inc., for the purpose of discovery, maintains control of documents transferred to All Green Chemical Solutions, LLC. While All Green Chemical Solutions, LLC, is neither the parent nor subsidiary of Applied Concrete Technology, Inc., it shares the same owner. Moreover, the two entities participated or participate in the same line of business, namely the manufacture and sale of concrete products. (Docket # 36, paras. 6, 31). The limited liability company acquired all of the assets of the corporation for the nominal sum of one dollar, based on a transaction agreed to by their mutual owner, Mr. Johnson. Under facts similar to these, courts have found that documents held by one entity fall within the control of the other based on their common status as alter egos (for the purposes of Rule 34) of the same individual. *E.g.*, *Perini Am., Inc. v. Paper Converting Mach. Co.*, 559 F. Supp. 552, 553 (E.D. Wis. 1983). The Court finds that, for the purposes of the requests to produce, the responsive documents possessed by All Green Chemical Solutions, LLC, are within the control of both Applied Concrete Technology, Inc., and Mr. Johnson. As the court in *Perini American, Inc.* held, to treat the corporation and limited liability company "as unrelated entities would defy reality." *Id.*

---

[1] The Court notes that requests one through five, of six total, directed to Applied Concrete Technology, Inc., were propounded identically to Mr. Johnson in his individual capacity as a defendant. Mr. Johnson, a proper party in this action, generally has the legal right to obtain any document in the possession, custody, or control of any entity he owns, regardless of what legal person holds title to the documents, and therefore those documents appear responsive to his request to produce.

4

II. Interrogatories

The federal rules authorize answers to interrogatories by a corporate officer or agent. Fed. R. Civ. P. 33(b)(1)(B). Defendant Johnson served as the president of the corporation, an officer, at the time of its dissolution and therefore presumably can answer the interrogatories for the corporation. *See id.*

III. Conclusion

The Court finds that Applied Concrete Technology, Inc., can and must participate in the discovery process through its officers or other agents. *See Ariz. W. Ins. Co. v. L.L. Constantin & Co.*, 247 F.2d 388, 392 (3d Cir. 1957) ("A corporation is no more entitled to avoid the discovery processes of a United States district court than is an individual. Corporate officers must be compelled to answer proper questions and if they refuse to respond to the proper orders of the court appropriate legal process should be applied to them."). Failure to comply with the Court's order may subject the officers of Applied Concrete Technology, Inc., to sanctions. Fed. R. Civ. P. 37(b)(2)(A) (authorizing sanctions against a party's officers, directors, or managing agents when the party fails to obey an order to provide discovery). The Court grants Plaintiff's motion to compel discovery responses from Applied Concrete Technology, Inc.

**Interrogatories Directed to Mr. Johnson**

Plaintiff moved the Court to compel Mr. Johnson to amend his answers to three interrogatories.

I. Interrogatory Six

As to interrogatory number six, Plaintiffs requested the identity of the members, officers, directors, shareholders, or employees of All Green Chemical Solutions, LLC, with a specific designation of the roles and times in the roles for each identified person. (Docket # 48-5, p. 3).

Mr. Johnson objected that the interrogatory was "not reasonably calculated to lead to the discovery of admissible evidence" and then proceeded to offer an answer "[w]ithout waiving the foregoing objection." *Id*. Mr. Johnson's response stated only that he "has been the sole member" of the company since its formation. *Id.*

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The party resisting discovery bears "the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007) (citing *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 211-12 (D. Kan. 2002)). To resist Plaintiff's discovery that appears relevant, Defendant "bears a heavy burden of demonstrating that disclosure will work a clearly defined and very serious injury." *Id.* (quoting *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985)).

Plaintiff argued that the interrogatory sought relevant evidence related to its claim to pierce the corporate veil of Applied Concrete Technology, Inc. (Docket # 48-1, p. 5). In his response brief, Mr. Johnson argued generally the Plaintiff failed "to demonstrate how . . . other information sought about [All Green Chemical Solutions, LLC] and Protecrete Corp. might elucidate those factors [related to veil piercing] in this case." (Docket # 49, p. 4).

Under Illinois law, to pierce a corporate veil, "two requirements must be met: first, there must be such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist; and second, circumstances must be such that an adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice." *Gallagher v. Reconco Builders, Inc.*, 415 N. E.2d 560, 563-64 (Ill. App. Ct. 1980). Kentucky law

requires a showing of "domination of the corporation resulting in a loss of corporate separateness and . . . circumstances under which continued recognition of the corporation would sanction fraud or promote injustice." *Inter-Tel Techs., Inc. v. Linn Station Props., LLC*, 360 S.W.3d 152, 165 (Ky. 2012).

Without deciding which state's law applies to the instant matter, the Court recognizes that information regarding the members, officers, directors, shareholders, or employees of All Green Chemical Solutions, LLC, comes within the scope of relevant discovery. The discovery sought has relevance concerning the unity-of-interest-and-ownership and loss-of-corporate-separateness factors. Plaintiff alleged that Mr. Johnson abused the corporate form and damaged it as a result. All Green Chemical Solutions, LLC, purchased all of the assets of Applied Concrete Technology, Inc., for one dollar, based on a transaction in which Mr. Johnson apparently controlled both entities. The identity of the individuals related to the two entities is relevant to Plaintiff's claim for veil piercing and therefore the discovery sought has relevance. Mr. Johnson failed to meet his burden to resist the discovery.

Moreover, for the purposes of a motion to compel, the Court treats an evasive or incomplete answer as a failure to answer. Fed. R. Civ. P. 37(a)(4). Mr. Johnson failed to answer the interrogatory completely when he only addressed the portion concerning members. The "without waiving" objection makes his answer ambiguous. The Court cannot determine if he is answering the interrogatory to the extent not objected to (as permitted by rule), offering a complete answer after objecting (which defeats the purpose of objecting), or making a partial answer after an objection to the entire interrogatory. *See* Fed. R. Civ. P. 33(b)(4). Regardless, the Court overrules the objection, so Mr. Johnson must answer all parts of the interrogatory,

including as applicable, stating that no individual fits within a role about which Plaintiff inquired.

II. Interrogatory Seven

As to interrogatory number seven, Plaintiff sought essentially the same information as in number six but concerning the Protecrete Corporation. (Docket # 48-5, p. 4). Plaintiff did not seek to discover the identity of any members and did limit the inquiry to the last seven years. *Id.* Mr. Johnson objected to this interrogatory in the same manner as interrogatory six and then stated that he and Andy Larson "were the principals of the Protecrete Corporation." *Id.*

Mr. Johnson admitted that he is a principal in the Protecrete Corporation. *Id.* PROTECRETE CONCRETE'S BEST SOLUTION was, and potentially still is, a registered trademark of Applied Concrete Technology, Inc., according to a search performed on June 25, 2015. (Docket # 48-2). The letter, signed by Mr. Johnson and potentially transferring the trademark to All Green Chemical Solutions, LLC, also bears the trademark as a part of the dissolved corporation's letterhead. (Docket # 48-6). Mr. Johnson's responses to interrogatories indicated that the mark PROTECRETE is now the property of All Green Chemical Solutions, LLC. (Docket # 48-5, p. 6). Mr. Johnson also stated that All Green Chemical Solutions, LLC, "distributes Protecrete products through a network of distributers and directly to end-users." *Id.* at 8.

The Court finds that the information sought by interrogatory seven relates to the claim by Plaintiff to pierce the corporate veil. The discovery sought has relevance concerning the unity-of-interest-and-ownership and loss-of-corporate-separateness factors. The information concerns an entity tied to Mr. Johnson and apparently involved in the same or similar businesses as Applied Concrete Technology, Inc., and All Green Chemical Solutions, LLC. Understanding the structure

of the Protecrete Corporation and its relationship to the Defendants is relevant to Plaintiff's claim for veil piercing. The Court overrules Defendant's objections related to interrogatory number seven. Mr. Johnson failed to meet his burden to resist the discovery.

### III. Interrogatory Sixteen

With interrogatory number 16, Plaintiff sought a description of how PROTECRETE products were sold after the dissolution of Applied Concrete Technology, Inc. (Docket # 48-5, p. 7). Mr. Johnson objected that the interrogatory sought confidential and proprietary business information and information outside the scope of discovery. *Id.* at 8. Mr. Johnson's response brief argued that Plaintiff failed to demonstrate how the information sought will "elucidate" the factors considered for veil piercing but does not support his initial objection. (Docket # 49, p. 4).

In response to the interrogatory, Mr. Johnson objected "to the extent that it seeks discovery of All Green Chemical Solutions, LLC's customer lists, distribution information, marketing information, sales methods, transactions, income, expenses, or other proprietary business information." (Docket # 48-5, p. 8). The Court recognizes these concerns, but also addresses them, as explained below, by entering the parties' agreed protective order. Moreover, while he raised the objections, he did not explain with specificity the potential harm making the discovery would cause with the parties' proposed protective order in place. The objections raised did not meet Mr. Johnson's burden in resisting discovery.

The Court finds that the record supports discovery of the information sought in interrogatory 16. The record indicates that Defendant Johnson owned and controlled two entities that sold PROTECRETE products. When one faced liability for more than $100,000 to Plaintiff, Mr. Johnson sold its assets to the other for a nominal sum. The second then continued in the business of the first, including the marketing and sale of PROTECRETE products. The

9

information sought has relevance to Plaintiff's claim for veil piercing, specifically the unity-of-interest-and-ownership and loss-of-corporate-separateness factors. Therefore the Court overrules Mr. Johnson's objections. He must answer the interrogatory completely.

### Requests to Produce Directed to Mr. Johnson

Plaintiff moved the Court to compel Mr. Johnson to produce documents requested in 12 requests for production.

As to three requests, 1, 2, and 20, Mr. Johnson did not object to the production. (Docket # 48-5, pp. 10-11, 17). As to requests one and two, Plaintiff argued that Mr. Johnson's counsel stated that additional, responsive documents were found and would be provided. (Docket # 48-1, pp. 4-5) As to request 20, Mr. Johnson's response stated that he would provide the documents after obtaining them from his bank. (Docket # 48-5, p. 17). Plaintiff stated that Mr. Johnson has failed to do so to date. (Docket # 48-1, p. 4). A party must supplement a response to a request to produce as ordered by a court. Fed. R. Civ. P. 26(e)(2). The Court orders Mr. Johnson to provide the documents previously promised.

As to the other nine discovery requests, Plaintiff sought a variety of documents related to All Green Chemical Solutions, LLC, and the Protecrete Corporation. (Docket # 48-5, pp. 12-15). In response to each of these requests, Mr. Johnson raised the lone objection that the document request was "not reasonably calculated to lead to the discovery of admissible evidence." *Id.*

As to the two entities, Plaintiffs sought documents related to the formation and status of the entity, business bank-account statements and canceled checks, financial records for the last seven years, and corporate records including of meetings of the members, directors, or shareholders, as applicable. *Id.* Mr. Johnson argued generally that the documents sought lacked relevance because the entities were not parties to the instant litigation and the information lacks

all relevance to the counts for breach of contract and veil piercing. (Docket # 49, p. 3). He went on to argue that Plaintiff failed "to demonstrate how the customer lists, vendor lists, product pricing, transaction history, and other information sought" has relevance to the instant action.[2] *Id.* at 4.

As discussed above, the Court recognizes the interconnection between Defendants and the two non-party entities. Plaintiff alleged that Mr. Johnson abused the corporate form and seeks to hold him liable for the judgment debt of Applied Concrete Technology, Inc. The record indicates that the non-party entities either do or did carry on the same business as Applied Concrete Technology, Inc., while Mr. Johnson controls or controlled all three entities. The Court finds that documents related to the structure, formation, status, operation, banking, and internal finances appear to have relevance to Plaintiff's veil-piercing claim, including the unity-of-interest-and-ownership and loss-of-corporate-separateness factors. Any of these documents could reveal information about how the two entities either engaged in arm's-length transactions with Applied Concrete Technology, Inc., or simply served to continue its business, absent judgment debt, after the corporate defendant's dissolution.

Because the requests appear to seek relevant information, Mr. Johnson bears the burden of demonstrating that the documents either lack relevance or that "disclosure will work a clearly defined and very serious injury." *Invesco Int'l (N.A.), Inc.*, 244 F.R.D. at 380. Mr. Johnson's general arguments that Plaintiff has not demonstrated the relevance both misunderstands the

---

[2] The Court notes that the requests for production do not seem to seek customer lists, vendor lists, product pricing, or transaction history directly. Defendant Johnson did not argue that they did in his objections to the requests. (Docket # 48-5, pp. 12-15). He did object to Interrogatory 16 "to the extent that it seeks discovery of *All Green Chemical Solutions, LLC's customer lists*, distribution information, marketing information, sales methods, *transactions*, income, expenses, or other proprietary business information." *Id.* at 8 (emphasis added). He did not raise an objection to the requests to produce on these grounds. *Id.* at 12-15.

11

burden of resisting discovery and fails to meet it at the same time. Therefore, the Court overrules Mr. Johnson's objections and will compel his production of the documents requested.

### Mr. Johnson's Undue Burden Arguments

In his response to Plaintiff's motion, Mr. Johnson raised, for the first time, that the discovery requests posed an undue burden to him. (*Compare* Docket # 48-5, *with* Docket # 49). He argued that Plaintiff can obtain the information more efficiently from another party or by another means, namely by reference to the corporate books of Applied Concrete Technology, Inc. (Docket # 49, pp. 4-5). He therefore concluded that the discovery sought from him was "unnecessary, cumulative, and unduly burdensome." *Id.* at p. 5.

Mr. Johnson's arguments fail for several reasons. First, the suggestion that Plaintiff should acquire the information from an alternative source—namely the corporation controlled by Mr. Johnson that refuses to participate in this litigation to the tune of a default judgment for $107,400 plus post-judgment interest—strains credulity. Second, Mr. Johnson waived the objections by failing to make them until responding to Plaintiff's motion. Fed. R. Civ. P. 33 (b)(4) (regarding interrogatories); *Drutis v. Rand McNally & Co.*, 236 F.R.D. 325, 337 (W.D. Ky. 2006) (regarding interrogatories); *see also Greene v. Cracker Barrel Old Country Store, Inc.*, No. 09-2110-A/P, 2009 WL 1885641, at *2 (W.D. Tenn. July 1, 2009) (regarding both interrogatories and requests to produce); *Gonzalez v. Ohio Cas. Ins. Co.*, Co. 07-CV-13921, 2008 WL 795757, at *1 (E.D. Mich. Mar. 25 2008) (regarding both interrogatories and requests to produce). Finally, even if timely raised, the objections amount to inappropriate boilerplate objections stated without the requisite specificity and should be overruled as a matter of course. *Janko Enters., Inc. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2013 WL 5308802, at *7 (W.D. Ky. Aug. 19, 2013). While Mr. Johnson did suggest an alternative source for information,

he offers no argument, support, or explanation of how providing the requested discovery will unduly burden him, even if the Court assumed a valid alternative source exists. Therefore the objection must fail. *Id.*

### Mr. Johnson's Request for a Protective Order

If the Court did not sustain his objections to discovery, Mr. Johnson requested the entry of a protective order to prevent the use or dissemination of business information other than as necessary to litigate this matter. (Docket # 49, p. 5). Along with his response brief, Mr. Johnson filed a proposed agreed protective order. (Docket # 49-2). Plaintiff agreed to the use of a protective order to control the use and dissemination of certain discovery. (Docket # 50, p. 2). The Court believes that some of the responsive information qualifies for protection as confidential research, development, or commercial information. Fed. R. Civ. P. 26(c). Therefore, the Court, with the agreement of the parties, will enter an agreed protective order, as a separate docket entry.

### ORDER

IT IS HEREBY ORDERED that the Court grants Plaintiff's Motion to Compel Defendants' Discovery Responses. (Docket # 48). Defendant Applied Concrete Technology, Inc., must respond to Plaintiff's discovery requests within 30 days of this order. Defendant David Johnson must provide complete answers to Plaintiff's interrogatories 6, 7, and 16, and provide all documents responsive to Plaintiff's requests to produce 1, 2, 6 through 14, and 20 within his possession, custody, or control within 30 days of this order.

c:   Counsel